UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT KNELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No.: 20-1158-MMM |
| | ) |
| STEPHEN BROWN, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, a pretrial detainee, proceeding *pro se*, pursues a § 1983 claim alleging an unconstitutional search by a Bloomington Police Department detective. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## MATERIAL FACTS

Plaintiff alleges that on October 23, 2018, he was a detainee in the custody of the Bloomington City Police Department. On that date, Defendant Detective Brown subjected Plaintiff to a visual body cavity search during a custodial interrogation. Plaintiff provides no

detail as to the search, but alleges, in conclusory fashion, that the search was "demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant and embarrassing."

## ANALYSIS

A pretrial detainee's protection against an unconstitutional search arises from the Due Process Clause of the Fourteenth Amendment and is reviewed under the same Eighth Amendment cruel and unusual punishment standard as that for convicted prisoners.[1] *Streeter v. Sheriff of Cook County*, 576 F.Supp.2d 913, 917 (N.D. Ill. 2008); *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010). If a pretrial detainee if subjected to a particular condition or restriction which is not reasonably related to a legitimate governmental objective, it may constitute an impermissible punishment under the Due Process Clause. *Streeter*, 576 F.Supp.2d 917.

Prison officials are permitted to touch, pat down and search a prisoner in order to determine whether the prisoner is hiding anything dangerous in his person but may not do so "in a harassing manner intended to humiliate and inflict psychological pain." *Turner v. Huibregtse*, 421 F.Supp. 2d 1149, 1151 (W.D. Wis. March 22, 2006). It is recognized that "strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003).

In determining whether a bodily search violates the constitution, a court must balance the detainee's constitutional rights against the security concerns of the institution, the scope of the intrusion, the manner in which the search is conducted, the justification for the search, and the

---

[1] ("Between the status of free citizen and convicted prisoner lies the 'pretrial detainee,' protected by the due process clause of the Fourteenth Amendment."). *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010).

place at which the search is conducted. *Bell v. Wolfish,* 441 U.S. 520, 559 (1979). Here, Plaintiff does not give sufficient detail to plead that Defendant's actions were done to degrade or humiliate him, rather than in furtherance of legitimate penological interests. As a result, Plaintiff's complaint will be dismissed with leave to replead.

The Court notes that Plaintiff has indicated that, although there was a grievance procedure at the facility, he admittedly did not file a related grievance. Plaintiff asserts that a grievance was not necessary as "[c]onstitutional deprivation is separate issue, unrelated to penological conditions." Plaintiff's claim in this regard is incorrect as he is a prisoner and therefore subject to the provisions of the Prisoner Litigation Reform Act which require an inmate to exhaust all available administrative remedies prior to filing suit. 42 U.S.C.§ 1997(e)(a). *See Kincaid v. Sangamon County,* 435 Fed. Appx. 533, 536–537, 2011 WL 2036441 at *3 (7th Cir. 2011) (recognizing that the § 1997e(a) exhaustion requirement applies to jail as well as prison grievance procedures). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

It is recognized that the failure to exhaust is "an affirmative defense that ordinarily should be raised—and must be proven—by the defendant. A district court may dismiss a complaint where 'the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous…But the defense must be unmistakable…'" *Boyce v. Illinois Dept. of Corrections*, 661 Fed.Appx. 441, 443 (7th Cir. 2016) (internal citations omitted). Plaintiff is hereby placed on notice that , if he failed to exhaust prison grievance procedures which were available to him, his complaint must be dismissed. In an

abundance of caution, Plaintiff will be given an opportunity to address this issue in the event he files an amended complaint.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given 30 days in which to file an amended complaint. The amended complaint must stand complete on its own, without reference to a prior pleading and is to address the concerns identified by the Court. The failure to file an amended complaint will result in the dismissal of this case without prejudice.

2) Plaintiff's motion for recruitment of pro bono counsel [5] is DENIED with leave to reassert if he files an amended complaint. Plaintiff's motion for status [8] is rendered MOOT by this order.

 10/13/2020  
ENTERED

s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE